# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARGARITA MANCILLA, et al.,** <br><br> **Plaintiffs** <br><br> v. <br><br> **COUNTY OF KERN, et al.,** <br><br> **Defendants** | **CASE NO. 1:19-CV-1309 AWI JLT** <br><br> **ORDER ON DEFENDANTS' MOTION TO DISMISS** <br><br> **(Doc. No. 5)** |

This is a civil rights dispute that arises from the removal of Plaintiff Margarita Mancilla's children from her home by agents of the Kern County Department of Human Services. Plaintiffs brings three causes of action under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments, as well as *Monell* liability. Defendants removed this case from the Kern County Superior Court on September 19, 2019. Currently before the Court is Defendant's Rule 12(b)(6) motion to dismiss. Pursuant to the Local Rules, Plaintiffs have filed a notice of non-opposition. For the reasons that follow, Defendants' motion will be granted.

## **LEGAL FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. See Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Kwan v. SanMedica, Int'l, 854 F.3d 1088, 1096 (9th Cir. 2017). However,

complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Johnson v. Federal Home Loan Mortg. Corp., 793 F.3d 1005, 1008 (9th Cir. 2015). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678; Mollett, 795 F.3d at 1065.

## DEFENDANTS' MOTION

*Parties' Arguments*

Defendants argue that the first cause of action for violation of the Fourth Amendment identifies all Plaintiffs as pursuing the claim. However, while children who are removed from their homes by social workers may pursue individual Fourth Amendment claims, parents may not.

Defendants also argue that Plaintiffs have sued Defendants Robin Ackling and Allyson Seals in both their official and individual capacities. Because Kern County is a named Defendant, suing these two individuals in their official capacities is redundant.

Finally, Defendants argue that the first and second causes of action are alleged against Kern County. However, the County can only be held liable through *Monell* principles, not vicariously.

Plaintiffs have filed a notice of non-opposition. See Doc. No. 6.

*Discussion*

1. Plaintiff Margarita Mancilla

Families have a "well-elaborated constitutional right to live together without governmental interference." Wallis v. Spencer, 202 F.3d 1126, 1136 (9th Cir. 2000). The Fourteenth Amendment protects parents' right to live with their children. Kirkpatrick v. County of Washoe, 843 F.3d 784, 789 (9th Cir. 2016). The claims of children who are taken into state custody are evaluated under the Fourth Amendment's right to be free from unreasonable seizures, rather than the Fourteenth Amendment's right to familial association. Keates v. Koile, 883 F.3d 1228, 1236 (9th Cir. 2018). Fourth Amendment rights are personal and cannot be asserted vicariously. Plumhoff v. Rickard, 572 U.S. 765, 778 (2014); Longoria v. Pinal Cnty., 873 F.3d 699, 711 (9th

Cir. 2017). Whether under the Fourth Amendment, the Fourteenth Amendment, or the First Amendment, the Constitution guarantees "that parents will not be separated from their children without due process of law except in emergencies." <u>Keates</u>, 883 F.3d at 1236 (quoting <u>Mabe v. San Bernardino Cnty.</u>, 237 F.3d 1101, 1107-08 (9th Cir. 2001)).

Plaintiffs' non-opposition is a concession that parent Margarita Mancilla may not pursue a Fourth Amendment claim that is based on Defendants removing her children from her home. Therefore, the Court will dismiss the first cause of action brought by Margarita Mancilla without leave to amend. <u>See</u> <u>Keates</u>, 883 F.3d at 1236; <u>see also</u> <u>Kirkpatrick</u>, 843 F.3d at 789.

### 2. Official Capacity Claims Against Allyson Seals and Robin Ackling

A suit against a governmental employee in her official capacity is really a suit against the municipal entity employer. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 166-67 (1985); <u>Community House, Inc. v. City of Boise</u>, 623 F.3d 945, 966-67 (9th Cir. 2010). Here, the Complaint brings claims against Defendants Seals and Ackling in their individual and official capacities. Because Kern County is a defendant, naming Seals and Ackling as defendants in their official capacities is unnecessary and redundant. Therefore, the claims against Seals and Ackling in their official capacities will be dismissed without leave to amend.[1] <u>McFarland v. City of Clovis</u>, 163 F.Supp.3d 798, 808 (E.D. Cal. 2016); <u>Vance v. County of Santa Clara</u>, 928 F.Supp. 993, 996 (N.D. Cal. 1996).

### 3. Entity Liability Under the First and Second Causes of Action

A municipality, "cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under [42 U.S.C. § 1983] under a *respondeat superior* theory." <u>Monell</u>, 436 U.S. at 691; <u>Ulrich v. City & County of San Francisco</u>, 308 F.3d 968, 984 (9th Cir. 2002). Liability only attaches where the municipality itself causes the constitutional violation through "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." <u>Monell</u>, 436 U.S. at 694; <u>Ulrich</u>, 308 F.3d at 984.

---

[1] For clarity, the Court emphasizes that this dismissal does not affect the individual capacity claims against Seals and Ackling.

Here, the first and second causes of action are alleged against Kern County, but a policy, custom, or practice is not alleged. However, express *Monell* theories are identified under the third cause of action. Given the allegations and the notice of non-opposition, the Court finds that no viable § 1983 claims are pled or intended to be pled under the first and second causes of action against Kern County. Therefore, the first and second causes of action against Kern County will be dismissed without leave to amend.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff Margarita Mancilla's first cause of action is DISMISSED without leave to amend;
2. The first and second causes of action against Defendant Kern County are DISMISSED without leave to amend;
3. All claims against Defendant Ackling and Seals <u>in their official capacities</u> are DISMISSED without leave to amend; and
4. Within fourteen (14) days of service of this order, Defendants shall file a response to Plaintiffs' Complaint.

IT IS SO ORDERED.

Dated: October 22, 2019

SENIOR DISTRICT JUDGE